No. 69689.—W. N. Proctor Company v. United States, protests 62/19042, 63/8292, and 63/14539 (Boston).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of porcelain thermocouple tubes and that the involved articles are not chemical porcelain ware but are, in fact, articles in chief value of earthy or mineral substances, not decorated or commercially susceptible of decoration in any manner, the claim of the plaintiff was sustained. *John H. Faunce, Philadelphia, Inc.* v. *United States* (42 Cust. Ct. 196, C.D. 2085), followed.

BEFORE THE SECOND DIVISION, DECEMBER 14, 1965

No. 69690.—Weston Electrical Instrument Corp. and Inter-Maritime Forwarding Co., Inc., et al. v. United States, protests 211708–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of parts of testers and other meters similar in all material respects to the Toho testers and meters the subject of *United States* v. *G. L. Electronics, Inc., Arrow Sales, Inc.* (49 CCPA 111, C.A.D. 804), the claim of the plaintiffs was sustained.

No. 69691.—Hudson Shipping Co., Inc. v. United States, protests 60/15988(B) and 62/12736(A) (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of pole ends similar in all material respects to those the subject of *J. C. De Jong & Co., Inc.* v. *United States* (52 CCPA 26, C.A.D. 852), the claim of the plaintiff was sustained.